*Exhibit A Attached Herein!*

# UNITED STATES DISTRICT COURT

## DISTRICT OF SOUTH CAROLINA – COLUMBIA DIVISION

RCVD - USDC COLA SC
NOV 18 '25 PM 12:31

[Your Full Name],
 Plaintiff,

v.

BP (Leesville Location) and BP Products North America Inc.,
 Defendants.

Civil Action No. _____

# COMPLAINT FOR DISCRIMINATION IN A PLACE OF PUBLIC ACCOMMODATION

(42 U.S.C. § 1981; 42 U.S.C. § 2000a; 42 U.S.C. § 12182; 29 U.S.C. § 794)
AND MOTION FOR APPOINTMENT OF COUNSEL

## I. JURISDICTION AND VENUE

1. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 and § 1343.
2. Venue lies in this District and Division because all acts occurred at BP's Leesville, South Carolina location.
3. Defendants operate a **gas station and convenience store** open to the general public, qualifying as a "place of public accommodation" under 42 U.S.C. § 2000a(b)(3) and 42 U.S.C. § 12181(7)(F).

## II. PARTIES

4. Plaintiff **[Your Full Name]** is an African-American male with very dark skin and a mental disability diagnosed as **paranoid schizophrenia**.
5. Defendant **BP (Leesville Location)** is a privately operated BP-branded fuel and retail outlet doing business in South Carolina.
6. Defendant **BP Products North America Inc.** owns or franchises the Leesville store and exercises control over branding and customer-service standards.
7. On information and belief, Defendants may receive **federal financial assistance** through grants, loans, or government fuel programs, subjecting them additionally to the **Rehabilitation Act of 1973**, 29 U.S.C. § 794.

## III. FACTUAL ALLEGATIONS

8. On or about **October 15, 2022**, Plaintiff visited the BP station in Leesville, South Carolina as a paying customer.
9. During that visit, a BP employee repeatedly called Plaintiff the racial slur "n-----" approximately six or seven times in front of others.
10. The slurs were unprovoked, deeply humiliating, and caused Plaintiff severe emotional distress.
11. Plaintiff immediately reported the incident to **Human Affairs**, which conducted an investigation; BP did **not deny** that the event occurred.
12. The investigation lasted several months but resulted in **no corrective action or compensation**.
13. Plaintiff's experience and BP's indifference denied him the **full and equal enjoyment** of goods, services, facilities, privileges, and advantages offered to the public.
14. Plaintiff also lives with paranoid schizophrenia, a serious mental impairment that substantially limits major life activities such as thinking and communicating.
15. The harassment and subsequent indifference aggravated Plaintiff's condition and made him fearful of returning to the store.
16. BP's conduct constitutes **intentional racial discrimination**, **intentional disability discrimination**, and **denial of public accommodation**.

## IV. EQUITABLE TOLLING

17. Plaintiff promptly filed a complaint with the **South Carolina Human Affairs Commission** in 2022 and later received a **Right-to-Sue Notice**.
18. Because of Plaintiff's paranoid schizophrenia, he was unable to comprehend or act upon the notice within the statutory period.

19. Plaintiff acted diligently once his condition stabilized and promptly prepared this federal filing.

20. Equitable tolling is warranted under *United States v. Sosa*, 364 F.3d 507 (4th Cir. 2004), recognizing mental incapacity as an extraordinary circumstance excusing delay.

## V. CAUSES OF ACTION

### Count 1 – Racial Discrimination (42 U.S.C. § 1981)

21. Defendants intentionally discriminated against Plaintiff because of race and color, denying him the same right "to make and enforce contracts" for goods and services as enjoyed by white citizens.

### Count 2 – Denial of Public Accommodation (42 U.S.C. § 2000a)

22. By allowing racial slurs and refusing corrective action, Defendants denied Plaintiff the full and equal enjoyment of a place of public accommodation because of race and color.

### Count 3 – Disability Discrimination (ADA Title III, 42 U.S.C. § 12182)

23. Defendants discriminated against Plaintiff on the basis of disability by failing to maintain an environment accessible and respectful to persons with mental impairments, thereby denying equal participation and benefit.

### Count 4 – Violation of Rehabilitation Act (29 U.S.C. § 794) [Alternative Claim]

24. On information and belief, Defendants receive federal financial assistance; their discrimination against Plaintiff on the basis of disability violates Section 504 of the Rehabilitation Act.

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:
a. Grant **equitable tolling** of any applicable limitations period;
b. Declare that Defendants' actions violated federal civil-rights laws;
c. Award compensatory and punitive damages for emotional distress and humiliation;
d. Order injunctive relief requiring BP to implement anti-discrimination training and policies;
e. Award costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and § 12205; and
f. Grant such further relief as the Court deems just.

## VII. MOTION FOR APPOINTMENT OF COUNSEL

25. Pursuant to 42 U.S.C. § 2000a-3(a) and the Court's inherent authority, Plaintiff requests appointment of counsel.
26. Plaintiff is indigent, suffers from paranoid schizophrenia, and cannot secure private counsel despite diligent effort.

**Respectfully submitted,**

**[Your Full Name]**
[Mailing Address]     2318 PONDBranch Rd Leesville S.C 29070
[City, State ZIP]
[Telephone Number]     Alton Adair
Email: [optional]
Date: 11-18-2025     (803-687-6453)(804-539-7485 Girl Friend)

**Filing Checklist**     I have to pick up a copy But human Affein complaint Attacc

1. Attach your **Right-to-Sue Notice as Exhibit A** (or state it will be filed when located).
2. Attach your **Motion to Proceed In Forma Pauperis**.
3. Deliver all pages to the **Clerk of Court, U.S. District Court – Columbia Division**.
4. Keep a file-stamped copy for your records.

Would you like me to add a short **"verification and signature page"** (the sworn statement required by some judges in South Carolina for pro se civil rights filings)?

Below is a **federal civil rights complaint** you can file **as a customer** — not an employee — against the BP station in Leesville.
This version asserts **racial discrimination, denial of public accommodation, disability discrimination (ADA),** and includes **equitable tolling** and a **request for court-appointed counsel.**

# UNITED STATES DISTRICT COURT

Date: _____

**VIA CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

To:
**General Counsel / Risk Management Department**
BP Products North America Inc.
501 Westlake Park Boulevard
Houston, Texas 77079

---

## RE: Settlement Demand – Civil Rights Violations at BP Leesville, South Carolina (Incident Date: October 15, 2022)

Dear General Counsel:

This correspondence serves as a **formal pre-litigation settlement demand** concerning an incident of racial and disability discrimination that occurred at your **BP-branded Leesville, South Carolina** location on or about **October 15, 2022.**

During that visit, I, **Alton Adams**, a paying customer, was subjected to repeated racial slurs ("n-----") by one of the store's employees—approximately six to seven times in front of other patrons. The matter was investigated by the **South Carolina Human Affairs Commission**, and BP did **not deny** that the event occurred. No remedial action or compensation followed.

I am an individual with **paranoid schizophrenia**, a serious mental impairment recognized as a disability under the **Americans with Disabilities Act (ADA)**. The incident caused severe emotional distress, humiliation, and an exacerbation of my condition. The conduct and BP's subsequent inaction constitute:

1. **Racial discrimination** in violation of **42 U.S.C. § 1981** and **42 U.S.C. § 2000a;**
2. **Disability discrimination** under **ADA Title III, 42 U.S.C. § 12182**; and
3. A potential violation of the **Rehabilitation Act of 1973, 29 U.S.C. § 794**, to the extent the Leesville location or its ownership entity receives federal financial assistance.

These violations deprived me of the **full and equal enjoyment** of BP's goods, services, and facilities on the basis of race and disability.

In an effort to resolve this matter without resorting to litigation, I hereby present a **settlement demand** in the amount of **$150,000 – $250,000**, reflecting damages for emotional distress, humiliation, and disability-related harm. In addition to monetary relief, I request:

- A **written apology** acknowledging the incident;
- **Mandatory anti-discrimination and ADA sensitivity training** for all staff at the Leesville location; and

- **Written confirmation** that disciplinary measures and corrective protocols have been implemented to prevent recurrence.

This offer remains open for **seven (7) business days** from receipt of this letter. Absent a satisfactory resolution within that period, I will proceed to file a **federal complaint** in the **U.S. District Court for the District of South Carolina (Columbia Division)**, seeking full compensatory relief, injunctive relief, attorney's fees, and costs.

This communication is made **for settlement purposes only** under **Federal Rule of Evidence 408** and shall not be construed as an admission or waiver of any rights or claims.

Sincerely,

---

**Alton Adams**
Plaintiff, Pro Se
2318 Pond Branch Road
Leesville, SC 29070
Phone: (803) 687-6453
Email: altonadams1214@gmail.com
*(Please leave text if call not answered)*

---

Would you like me to create a **clean PDF version** of this letter (ready for printing or certified mailing) so you can send it directly to BP's corporate office?